OPINION OF THE COURT
William Ritholtz, J.
In this action for negligence, the sole issue is whether, under CPLR 4106, the court must order that the first alternate juror replace a discharged regular juror in a bifurcated action after trial on liability only.
The case arises due to personal injuries allegedly suffered in an automobile collision at an intersection controlled by traffic lights. Each party contended that the other failed to stop at a red light. After trial on the issue of liability the jury returned a verdict finding defendant 62% negligent and plaintiff 38% negligent. Prior to commencing the damages phase of the trial the court, upon consent of the attorneys for both sides, discharged a juror who was unable to complete his jury service. The question then arose as to which of the two alternate jurors would fill the vacancy on the jury. In accordance with its understanding of CPLR 4106, the court, in lieu of automatically choosing the first alternate, directed the random drawing of one of the two juror cards bearing the names of the two alternates.
Pursuant to CPLR 4106, alternate jurors are to be selected and treated in the same manner as regular jurors. The only difference, of course, is that alternates do not partake in the deliberations. The section further states that if, before final submission of the case, a regular juror becomes incapacitated, or for any other reason is unable to perform his duty, “the court may order him to be discharged and draw the name of an alternate, who shall replace the discharged juror in the jury box, *100 and be treated as if he had been selected as one of the regular jurors.” (CPLR 4106.) The section, on its face, does not provide, as is commonly believed, for the “first” alternate juror to automatically replace the discharged juror. Rather, it requires the court to “draw the name of an alternate”. This implies that, upon determination that an alternate is, in fact, needed as a replacement, a random selection of one of the two alternates must be made.
The intent of CPLR 4106 becomes more apparent when compared with its counterpart in the Criminal Procedure Law. Under similar circumstances of incapacity or unavailability of a juror in a criminal trial, CPL 270.35 compels the court to discharge that juror and replace him with “the alternate juror whose name was first drawn and called”. Thus, the Criminal Procedure Law explicitly requires that the order of selection during the voir dire shall also be the order in which the alternates replace a discharged juror.
The language of CPLR 4106 makes no such reference to the order of replacement. It may be inferred from the absence in CPLR 4106 of language similar to that in the Criminal Procedure Law, that the substitution by an alternate juror is to be done by random drawing. The legislators, in drafting the two laws differently, presumably intended different methods of replacing jurors in civil and criminal trials.
Accordingly, the instant case being a civil action, the court was required to make a random drawing of the alternates under CPLR 4106.