Xi Yu v New York Univ. Med. Ctr. (2004 NY Slip Op 24223)

Xi Yu v New York Univ. Med. Ctr.

2004 NY Slip Op 24223 [4 Misc 3d 602]

June 3, 2004

Supreme Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 15, 2004

[*1]
Xi Yu, an Infant, by Her Father and Natural Guardian, Zhenping Yu, Plaintiff,
v
New York University Medical Center, Defendant.
Supreme Court, Queens County, June 3, 2004

APPEARANCES OF COUNSEL

Bower, Sanger, & Lawrence, New York City (Warren Sanger of counsel), for defendant. Duffy, Duffy, & Burdo, Uniondale (James Wilkens of counsel), for plaintiff.

{**4 Misc 3d at 602} OPINION OF THE COURT

Sheri S. Roman, J.
In this action for medical malpractice, a dispute arose between{**4 Misc 3d at 603} counsel during the trial as to the method of replacement of a sitting juror who had become grossly unqualified to serve due to her inability to stay awake. Although both counsel consented to having this juror replaced by an alternate, the attorneys could not agree as to which of the two alternates should replace the excused juror. Specifically, defendant's counsel moved for sequential replacement of disqualified jurors, that is, to seat as alternate juror No. 1 the first person who had originally been delineated as "Alternate Juror No. 1." However, plaintiff's counsel moved for a random selection process, that is, to have the replacement juror selected by random drawing from the two juror cards bearing the name of the two alternates.
In reviewing the law in this area the court found that the Criminal Procedure Law and the Civil Practice Law and Rules require the court to employ a different procedure when replacing a sitting juror with an alternate during the course of the trial.
Criminal Procedure Law § 270.35 (1) specifically addresses the methodology of replacing a discharged juror with an alternate, stating, "If an alternate juror or jurors are available for service, the court must order that the discharged juror be replaced by the alternate juror whose name was first drawn and called . . ." (emphasis added).
Whereas, CPLR 4106 states that
"[i]f, before the final submission of the case, a regular juror dies, or becomes ill, or for any other reason is unable to perform his duty, the court may order him to be discharged and draw the name of an alternate, who shall replace the discharged juror in the jury box, and be treated as if he had been selected as one of the regular jurors."
In criminal cases there is no question that the statute requires that the order of alternates be sequential. The court notes in this regard that prior to 1970 the criminal predecessor statute to CPL 270.35, which was section 358-a of the Code of Criminal Procedure, did not specify sequential replacement, but in fact used the same language as the civil law, stating that a [*2]disqualified juror should be replaced by having the court "draw the name of an alternate."
Although CPLR 4105 states that the court shall draw the name of an alternate, it does not clearly specify how that name should be drawn. The statute does not specifically state that the court shall randomly draw the name of an alternate, nor does it require {**4 Misc 3d at 604}that the names of the alternates shall be drawn in order of selection.
In researching this issue this court found that there appears to only be one other published decision from this state which addressed the interpretation of CPLR 4106.
In Madhere v Gottfrey (127 Misc 2d 99 [Civ Ct, Kings County 1985]), Judge William Ritholtz analyzed the disparity between the criminal and civil law in addressing the order of alternate replacement. That court held because CPLR 4106 was not drafted with the specificity of CPL 270.35, and does not specifically state that the first juror whose name was drawn be seated when a regular juror is disqualified, that the intent in the Civil Practice Law and Rules was for the alternate to be drawn randomly.
This court is in agreement with the decision of Judge Ritholtz that (at 100) "[t]he legislators, in drafting the two laws differently, presumably intended different methods of replacing jurors in civil and criminal trials." This intent is even more apparent when one notes that in 1970 the Legislature redrafted the language of CPL 270.35 to specifically delineate that sequential alternate replacement be required in criminal cases.
Accordingly, this court directs the clerk of the court to replace the disqualified juror by placing the juror ballots of the two alternates in the drum and randomly selecting an alternate to sit on the regular jury.